UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGIO BARNES,

                       Plaintiff,

   -v-

DR. EDWIN UZU, et al.,

                       Defendants.

20-CV-5885 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Plaintiff Sergio Barnes ("Plaintiff"), currently incarcerated at Wodbourne Correctional Facility, brings this pro se Action, pursuant to 42 U.S.C. § 1983 and analogous New York State law against employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), Defendants Dr. Edwin Uzu, Dr. Robert Bentivegna s/h/a Ventimegna, Deputy Commissioner Dr. Carl Koenigsmann s/h/a Koenigsman, Nurse Aileen McCarthy, Nurse Administrator Leslie Carey, and Dr. Abdul Akhand s/h/a Ahmad Akhan (collectively, "Defendants"), alleging that Defendants were deliberately indifferent to his serious medical needs, negligent, committed medical malpractice, and prolonged his pain and suffering upon suffering an injury while incarcerated at Green Haven Correctional Facility. (*See* Am. Compl. 5 (Dkt. No. 9).)

    Plaintiff seeks compensatory damages of $200,000 and punitive damages of $500,000 against each Defendant, as well as declaratory relief and preliminary and permanent injunctions. (*Id.*) By Order dated September 22, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP"). (*See* Dkt. No. 6.)

    Plaintiff did not submit a formal application for assignment of pro bono counsel; rather, he made such a request of the Court via Letter Motion on October 27, 2021. (*See generally*

Letter from Sergio Barnes to District Judge Kenneth M. Karas dated October 27, 2021 ("Letter") (Dkt. No. 32).) Plaintiff argues that he should be afforded counsel for the following reasons: he is "unable to counsel [*sic*]"; "[t]he issues involved in this case are very complex"; he has "limited access to [the] [l]aw [l]ibrary"; he has unsuccessfully reached out to six different lawyers seeking counsel; and he has "limited knowledge of the law." (*Id.* at 1.)

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

First, the Court "should . . . determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). Second, "[i]f the claim meets this threshold requirement," the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder],

> the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

While Plaintiff has made an effort to secure counsel and has thus far been unable to do so, (*see* Letter at 2–7), thereby meeting this threshold requirement, Plaintiff cannot satisfy step two of the inquiry regarding prudential factors without providing the Court further information on why he needs counsel.[1]

Thus far, Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing his case without the assistance of counsel. While Plaintiff alleges "he has limited knowledge of law," (Letter 1), a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL

---

[1] For the purposes of the instant request, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted).

1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman*, 1999 WL 199068, at *1.

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of N.Y.*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Plaintiff's "incarceration obviously presents an obstacle for his prosecution of the case," but "his complaint articulates a clear and concise statement of the facts, demonstrating his ability to present his case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006). Plaintiff's claim is largely based on the retelling of events that happened in his presence and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case").

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above as well as the consideration that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding his circumstances. The Clerk is directed to terminate the pending Letter Motion, (Dkt. No. 32), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   December 20, 2021
        White Plains, New York

                                          KENNETH M. KARAS
                                        United States District Judge